Rose Winkeler, SBN 025023
Bradley Gelder, SBN 026862
COMMUNITY LEGAL SERVICES
305 South 2nd Avenue
Phoenix, Arizona 85003
602-258-3434 ext. 2680
Fax: 602-254-3957
E-mail: rwinkeler@clsaz.org

Counsel for Relator

Case 2:10-cv-00395-SRB   Document 1   Filed 02/23/10   Page 1 of 10

FILED ___ LODGED
___ RECEIVED ___ COPY
FEB 23 2010
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ S DEPUTY

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* TEMPORADO,<br><br>Plaintiff,<br><br>v.<br><br>BASELINE POINT GENERAL CORPORATION; BASELINE POINT LTD PARTNERSHIP dba STERLING POINT APARTMENTS; STERLING POINT II, L.L.C.; PICERNE DEVELOPMENT CORPORATION dba PICERNE MANAGEMENT COMPANY, and CORPORATIONS A–Z.<br><br>Defendants. | <u>FILED UNDER SEAL</u><br><br>Case No. CIV'10 0395 PHX SRB<br><br>COMPLAINT<br><br>(Jury Trial Requested)<br><br>**SEALED** |

## I. PRELIMINARY STATEMENT

Qui Tam Relator, Virginia Temporado, brings this lawsuit on behalf of the United States of America pursuant to 31 U.S.C. § 3729 *et seq.*

Ms. Temporado rented a home from Defendants with the assistance of the Section 8 Housing Choice Voucher Program [hereinafter "Section 8"], a federally-funded housing subsidy program. Defendants, a multi-housing property owner and a property management

company, accepted and deposited checks for rent from both Section 8 and Ms. Temporado. Defendants violated the law by demanding and collecting payments in excess of the rent amount approved and paid for by the United States.

A copy of this Complaint and Relator's written disclosure of substantially all material evidence and information has been served on the United States Government pursuant to Rule 4(i) of the Federal Rules of Civil Procedure. This complaint is filed in camera, under seal, and may not be served upon Defendants until further order of this Court.

Relator, Virginia Temporado, on behalf of the United States, seeks recovery of damages, penalties, fees, and expenses arising from Defendants' false claims. Ms. Temporado seeks a statutory share of any awarded damages paid to the United States under the False Claims Act, in addition to costs and reasonable attorney fees.

The United States seeks all remedies available under the False Claims Act.

## II.   JURISDICTION AND VENUE

1. This court has subject matter jurisdiction over the federal claim pursuant to 28 U.S.C. §§ 1331, 1345, and 31 U.S.C. § 3732(a).

2. Venue is proper in the District of Arizona pursuant to 31 U.S.C. § 3732(a), 28 U.S.C. § 1391, and 28 U.S.C. § 1395(a).

## III.   PARTIES

3. Relator Virginia Temporado is a resident of Maricopa County and brings this action on behalf of the United States of America. She is a 27-year-old single mother of three children who resides in Maricopa County, Arizona. Ms. Temporado has been a tenant of Defendants at the premises located at 3802 E. Baseline Rd., Apt. 1035, Phoenix, Arizona 85042 ("the Premises") since February 1, 2008.

4. Upon information and belief, Defendant Baseline Point General Corporation is an Arizona for-profit corporation located in Maricopa County, Arizona, that owns and/or operates, either directly or indirectly, the Premises.

5. Upon information and belief, Baseline Point Limited Partnership, dba Sterling

Point Apartments, is an Arizona limited partnership located in Maricopa County, Arizona, that owns and/or operates, either directly or indirectly, the Premises.

6. Upon information and belief, Sterling Point II, L.L.C., is an Arizona limited liability corporation located in Maricopa County, Arizona, that owns and/or operates, either directly or indirectly, the Premises.

7. Upon information and belief, Defendant Picerne Development Corporation, dba Picerne Management Company, is an Arizona for-profit corporation, located in Maricopa County, Arizona, that owns and/or operates, either directly or indirectly, the Premises.

8. There may be unknown defendants that are corporations, subsidiary corporations or partnerships, which wholly or partially, own or operate the Premises.

9. Defendants Baseline Point General Corporation, Baseline Point Limited Partnership, dba Sterling Point Apartments, Sterling Point II, L.L.C., Picerne Development Corporation, dba Picerne Management Company, and Corporations A–Z (collectively referred to herein as "Defendants") own and/or operate, either directly or indirectly, the Premises.

## IV.   STATUTORY AND REGULATORY FRAMEWORK

**Section 8 of the United States Housing Act of 1937, 42 U.S.C. § 1437f as Amended**

10. The United States Housing Act of 1937, as amended in 1974, helps low-income families obtain "decent, safe, sanitary, and affordable housing," through the establishment of the Section 8 program. 42 U.S.C. § 1437(f). The program aids low-income families by providing rent subsidies to enable them to rent homes in the private rental housing market. 42 U.S.C.A. § 1437f(a).

11. The federal government, through the Department of Housing and Urban Development (HUD) allocates funds to public housing agencies, such as the City of Phoenix Housing Department, to administer the Section 8 program. 24 C.F.R. § 982.1(a).

12. A public housing agency enters into a Housing Assistance Payments (hereinafter "HAP") contract with the owner of an approved rental home to make monthly housing assistance payments on behalf of eligible tenants. 24 C.F.R. § 982.1(b).

13. In case of any conflict between the HAP contract and the residential lease between the owner and the tenant, the terms of the HAP contract control. 24 C.F.R. § 982.308(f)(2).

## V. FACTUAL ALLEGATIONS

14. On January 11, 2008, Defendants signed a Request for Tenancy Approval form to lease the Premises, as described above, to Virginia Temporado. The proposed rent was $754.00 per month.

15. On January 11, 2008, Defendants signed a Request for Taxpayer Identification Number and Payment Remittance Information directing HAP payments to Defendants.

16. On January 11, 2008, Defendants signed a Section 8 Landlord Certification form.

17. Paragraph five of the Section 8 Landlord Certification form states, "The tenant's portion of the contract rent is determined by Section 8 and *I understand it is illegal to charge any additional amounts for rent or any other items not specified in the lease* which have not been specifically approved by Section 8." (Emphasis added).

18. On or about February 1, 2008, Defendants and Ms. Temporado entered into an agreement for the lease of the Premises for a term of twelve months to commence February 1, 2008, and to end on January 31, 2009.

19. The lease sets the rent at $754 per month.

20. On or about February 1, 2008, Defendants verbally advised Ms. Temporado that her rental obligation was $59 per month.

21. On or about February 11, 2008, Defendants signed a HAP contract with the Housing Department for an initial lease term beginning on February 1, 2008, and ending on January 31, 2009.

22. On October February 11, 2008, Defendants and Ms. Temporado signed a Model Lease for Voucher Tenancy Agreement for lease of the Premises beginning on February 1, 2008, and ending on January 31, 2009.

23. The HAP contract sets the rent to owner for the Premises at $754.00 per month and prohibits Defendants from raising the rent during the one-year lease term.

24. The HAP contract provides that Section 8 would pay $753.00 per month to Defendants while Ms. Temporado's rental obligation was $1.00 per month.

25. The HAP contract also prohibits Defendants from charging or accepting payment or other consideration for rent of the Premises in excess of that allowed by the HAP contract during the lease term.

26. Furthermore, the HAP contract states, "[i]n case of any conflict between [Part C of this contract] and any other provisions of the lease or any other agreement between the owner and tenant, the requirements of the [contract] shall control."

27. Ms. Temporado was not advised that her rental obligation was only $1.00 per month and she continued to believe her monthly rental obligation to Defendants was $59.00.

28. For ten (10) months, between February 1, 2008, and November 1, 2008, Ms. Temporado paid, and Defendants accepted, monthly rent payments of $59.00 per month.

29. Beginning on February 29, 2008, and for each month thereafter, Defendants charged and accepted from the United States government monthly rent in the amount of $753.00 on behalf of Ms. Temporado per the HAP contract.

30. Between February 1, 2008 and November 1, 2008, while simultaneously receiving rent checks of $59.00 from Ms. Temporado, Defendants endorsed and presented for payment checks from the City of Phoenix, accepting the HAP contract payments of $753.00 per month.

31. Thus, between February 1, 2008 and November 1, 2008, Defendants charged and accepted a monthly rent of $812.00 each month, in violation of the HAP contract.

32. On or about December 1, 2008, Ms. Temporado reported an income change to the Housing Department, which adjusted her monthly rental contribution to $0.00.

33. At this time, Ms. Temporado learned that she had been overpaying her rent according to the HAP contract and ceased making any rent payments to Defendants.

34. Thereafter, on or about December 4, 2008, and February 19, 2009, Ms. Temporado made demands for return of her overpayment, both of which were rejected.

35. Ms. Temporado continues to reside at the Premises.

## VI. FALSE CLAIMS ACT VIOLATIONS

36. Paragraphs 1 through 35 are incorporated herein by this reference.

37. The False Claims Act makes it unlawful for any person to knowingly present, or to cause to be presented, to an officer or employee of the United States Government a false or fraudulent claim for payment or approval. 31 U.S.C. § 3729(a)(1).

38. The Act also makes it unlawful to knowingly make, use, or cause to be made or used, a false record or statement to get a false or fraudulent claim paid by the United States Government. 31 U.S.C. § 3729(a)(2).

39. Defendants signed the Landlord Certification form, the Model Lease for Tenancy, and the HAP contract certifying to the United States that they would not accept more than $754.00 in monthly rent for the Premises.

40. Thereafter, Defendants demanded of and accepted from Ms. Temporado $59.00 for monthly rent in addition to the $753.00 in monthly rent charged to the United States.

41. By endorsing and presenting housing assistance payment checks while demanding and accepting from Ms. Temporado rent payments not authorized by the HAP contract, Defendants made false claims or representations to the United States that they did not receive any other consideration for rent of the Premises for each month.

42. Defendants knowingly made or used, or caused to be made or used, false records or statements to get false or fraudulent claims paid or approved by officials of the United States, in violation of 31 U.S.C. § 3729(a)(2).

43. The United States suffered damages as a result of violations of the False Claims Act because the housing assistance payment money which HUD disbursed to the City of Phoenix Public Housing Authority for payment to Defendant under the Section 8 Program on

behalf of Ms. Temporado would not have been paid to Defendants absent their false claims and representations.

44. Defendants are jointly and severally liable for this unlawful conduct.

## VII. PRAYER FOR RELIEF

WHEREFORE, Relator Virginia Temporado and Plaintiff United States of America respectfully request the following relief:

1. Find that Defendants violated the False Claims Act and are liable to the United States of America.

2. Find that the United States sustained damages equal to all its payments made to Defendants.

3. Award the United States three times the amount of damages that it sustained as a result of Defendants' unlawful acts, pursuant to 31 U.S.C. § 3729(a).

4. Find that Defendants presented a separate false claim to the United States for each endorsement and acceptance of payments under the HAP contract.

5. Assess a civil penalty against Defendants for each separate violation of the False Claims Act in the amount of not less than $5,500 or more than $11,000, pursuant to 31 U.S.C. § 3729(a).

6. Award Relator Virginia Temporado the qui tam Plaintiff's share of the proceeds or settlement, pursuant to 31 U.S.C. § 3730(d).

7. Award costs and attorneys' fees to Relator Virginia Temporado, pursuant to 31 U.S.C. § 3730(d).

8. Grant other relief as deemed proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), trial by jury is demanded on all issues.

RESPECTFULLY SUBMITTED this 23 day of February 2010.

COMMUNITY LEGAL SERVICES

By *[signature]*

ROSE WINKELER
BRADLEY GELDER
**COMMUNITY LEGAL SERVICES**

Counsel for Relator

Rose Winkeler, SBN 025023
Bradley Gelder, SBN 026862
COMMUNITY LEGAL SERVICES
305 South 2nd Avenue
Phoenix, Arizona 85003
602-258-3434 ext. 2680
Fax: 602-254-3957
E-mail: rwinkeler@clsaz.org

Counsel for Relator

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* TEMPORADO,<br><br>Plaintiff,<br><br>v.<br><br>BASELINE POINT GENERAL CORPORATION; BASELINE POINT LTD PARTNERSHIP dba STERLING POINT APARTMENTS; STERLING POINT II, L.L.C.; PICERNE DEVELOPMENT CORPORATION dba PICERNE MANAGEMENT COMPANY, and CORPORATIONS A–Z.<br><br>Defendants. | **FILED UNDER SEAL**<br><br>Case No.<br><br><br>**VERIFICATION OF RELATOR VIRGINIA TEMPORADO** |

STATE OF ARIZONA   )
                   ) ss.
County of Maricopa )

VIRGINIA TEMPORADO, being first duly sworn upon her oath, deposes and says:

That she is the Relator in the above entitled and numbered action; that she has read the

1  foregoing Verified Complaint attached to this Verification and knows the contents thereof;
2  that all of the allegations therein contained are true in substance and in fact to the best of her
3  knowledge, except as to those matters alleged upon information and belief, and as to those
4  matters she believes them to be true.

5  _____
6  VIRGINIA TEMPORADO

8  SUBSCRIBED AND SWORN to me before this 14th day of January, 2010, by
9  VIRGINIA TEMPORADO.

11  Ronald G. Avila
    NOTARY PUBLIC

13  Commission Expiration Date/ Seal

[Notary Seal: RONALD G AVILA, Notary Public - Arizona, Maricopa County, My Commission Expires September 29, 2013]